UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00154-GCM

| MAURICE D. RIVERS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| IREDELL COUNTY, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e) [Doc. 1], Plaintiff's Motions for Appointment of Counsel [Docs. 4, 6], and Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order [Doc. 5]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9].

I.   BACKGROUND

Pro se Plaintiff Maurice D. Rivers ("Plaintiff") is a pretrial detainee currently housed at the Iredell County Jail in Statesville, North Carolina. He filed this action on June 24, 2024, pursuant to 42 U.S.C. § 1983, against Defendant Iredell County. [Doc. 1]. Plaintiff alleges that, between February 11, 2024 and June 15, 2024, he was indicted twice in Iredell County "on the exact same offence and issued two seperate court dates and two seperate bond amounts," which are excessive. [Id. at 4-5 (errors uncorrected); see Doc. 1-1 at 3]. Plaintiff purports to state claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as Article 1, Section 27 of the North Carolina Constitution, which prohibits excessive bail. [Id. at 3]. He claims various emotional injuries and lost income. [Id. at 5]. For relief, Plaintiff seeks dismissal of all charges and $1 million "for emotional damages and loss of wages." [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023). Plaintiff's Complaint fails initial review.

Plaintiff has failed to state a claim for relief against Defendant Iredell County in the first place. Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or

injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations."). Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)). Here, Plaintiff has failed to allege that any acts were taken in furtherance of a municipal policy or custom. Thus, Plaintiff has failed to state a claim for relief against Defendant Iredell County and the Court will dismiss this Defendant.

Moreover, it also appears that Plaintiff remains detained related to the alleged charges. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, given that Plaintiff remains detained and that it appears that the state court proceeding is ongoing, the Court must abstain from interfering in the ongoing state proceedings. The Court, therefore, will dismiss Plaintiff's Complaint without prejudice for Plaintiff's failure to state a

claim for relief. The Court, therefore, will also deny Plaintiff's motion for preliminary injunctive relief because Plaintiff has plainly failed to show likelihood of success on the merits. See Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009)

The Court, however, will allow Plaintiff to amend his Complaint to show why his Complaint is not precluded under Younger and to otherwise state a claim upon which relief may be granted, if the facts support such amendment. Plaintiff is admonished that this Court has no authority under 42 U.S.C. § 1983 to order that his state charges be dismissed.

## IV. PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL

Also pending are Plaintiff's motions for appointment of counsel. [Docs. 4, 6]. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional circumstances in each case "hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). To make this determination, a court must collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024) (citing Brock v. City of Richmond, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). "The district court's failure to make these assessments is legal error." Id. Where a pro se plaintiff presents a colorable claim but "lacks the capacity to present it" in light of the objective complexity of the claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at 247 (quoting Whisenant, 739 F.2d at 162).

In this case, however, the Plaintiff has not yet even demonstrated that this claim will pass initial review, much less that it has potential merit. Until that has been shown, the Court cannot assess the complexity of the claim or what skill may be required to prosecute the same. Therefore, at this stage, the Plaintiff has failed to meet any of the requirements for establishing exceptional circumstances necessitating the appointment of counsel.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant Iredell County is **DISMISSED** as a Defendant in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's Motions [Docs. 4, 5, 6] are **DENIED**.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: August 20, 2024

*[Signature]*

Graham C. Mullen
United States District Judge