UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00154-GCM

| MAURICE D. RIVERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| IREDELL COUNTY, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's "Supplemental Complaint" under 28 U.S.C. §§ 1915A and 1915(e) [Doc. 1], which the Court construes as Plaintiff's Amended Complaint, and Plaintiff's "Motion for Summary Judgment" [Doc. 13]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9].

I.  BACKGROUND

Pro se Plaintiff Maurice D. Rivers ("Plaintiff") is a pretrial detainee currently housed at the Iredell County Jail in Statesville, North Carolina. He filed this action on June 24, 2024, pursuant to 18 U.S.C. § 1983, against Defendant Iredell County. [Doc. 1]. Plaintiff alleged that, between February 11, 2024 and June 15, 2024, he was indicted twice in Iredell County "on the exact same offence and issued two seperate court dates and two seperate bond amounts," which are excessive. [Id. at 4-5 (errors uncorrected); see Doc. 1-1 at 3]. Plaintiff purported to state claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as Article 1, Section 27 of the North Carolina Constitution, which prohibits excessive bail. [Id. at 3]. For relief, Plaintiff sought dismissal of all charges and $1 million "for emotional damages and loss of wages." [Id.]. Plaintiff's Complaint failed initial review under 28 U.S.C. §§ 1915A and 1915(e)

for Plaintiff's failure to state a claim for relief as further set forth in the Court's Order. [Doc. 10]. The Court noted that it appeared that it was precluded under the Younger abstention doctrine from interfering in the relevant ongoing state court proceedings. [Id. at 3]. The Court, therefore, dismissed Plaintiff's Complaint without prejudice and allowed Plaintiff 30 days to amend his Complaint "to show why his Complaint is not precluded under Younger and to otherwise state a claim upon which relief may be granted." [Id. at 4].

Now before the Court is Plaintiff's Amended Complaint. [Doc. 12]. In his Amended Complaint, Plaintiff again names Iredell County as the sole Defendant and complains about having two indictments "alleg[ing] the same crimes" pending against him in the Superior Court of Iredell County, North Carolina. [Id. at 2; Doc. 12-1]. Plaintiff alleges that the judge overseeing his June 18 arraignment "advised the Plaintiff to address his gripe in writing to be heard in open court. Plaintiff was advised to submit the bond motion to the D.A.'s office but the motion was never brought before the courts as of this date." [Id. at 3]. Plaintiff also complains that he has been subjected to excessive bond. [Id.]. For relief, Plaintiff seeks monetary relief for his pain and suffering and "any relief applicable under FTCA, or any other statute or law[.]" [Id. at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

2

seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023). Plaintiff's Complaint again fails initial review.

As before, Plaintiff has failed to state a claim for relief against Defendant Iredell County. [See Doc. 10 at 2-3]. Moreover, Plaintiff's Amended Complaint demonstrates that his state court proceedings remain ongoing and that this Court, therefore, must abstain from interfering. See Younger v. Harris, 401 U.S. 37, 43-44 (1971).

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise properly failed to state a claim for relief, the Court will dismiss this action with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

Also pending is Plaintiff's purported motion for summary judgment, in which he primarily sets out the facts underlying his claim in more detail and asks that the relief sought in

his Amended Complaint be granted. [Doc. 13]. The Court will deny this motion as moot and also note that, even if Plaintiff's Amended Complaint had survived initial review, it would have been entirely premature.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 12] is **DISMISSED with prejudice** in accordance with the terms of this Order for Plaintiff's failure to state a claim for relief.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. 13] is **DENIED** as moot.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: September 18, 2024

Graham C. Mullen
United States District Judge