UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00154-GCM

| MAURICE D. RIVERS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| IREDELL COUNTY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's "Relief From Judgement [*sic*] Or Order" [Doc. 23], which the Court construes as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure; Plaintiff's Amended Complaint [Doc. 22]; and Plaintiff's unsigned "Declaration" [Doc. 24].

Pro se Plaintiff Maurice D. Rivers ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at the Piedmont Correctional Institution in Salisbury, North Carolina. He filed this action on June 24, 2024, pursuant to 18 U.S.C. § 1983, against Defendant Iredell County. [Doc. 1]. Plaintiff alleged that, between February 11, 2024, and June 15, 2024, he was indicted twice in Iredell County "on the exact same offence and issued two seperate court dates and two seperate bond amounts," which are excessive. [Id. at 4-5 (errors uncorrected); see Doc. 1-1 at 3]. Plaintiff purported to state claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as Article 1, Section 27 of the North Carolina Constitution, which prohibits excessive bail. [Id. at 3]. For relief, Plaintiff sought dismissal of all charges and $1 million "for emotional damages and loss of wages." [Id.]. Plaintiff's Complaint failed initial review under 28 U.S.C. §§ 1915A and 1915(e) for Plaintiff's failure to state a claim for relief as

further set forth in the Court's Order. [Doc. 10]. The Court noted that it appeared that the Court was precluded under the Younger abstention doctrine from interfering in the relevant ongoing state court proceedings. [Id. at 3]. The Court, therefore, dismissed Plaintiff's Complaint without prejudice and allowed Plaintiff 30 days from August 20, 2024, to amend his Complaint "to show why his Complaint is not precluded under Younger and to otherwise state a claim upon which relief may be granted." [Id. at 4].

On September 4, 2024, the Court received Plaintiff's "Supplemental Complaint" [Doc. 12], dated August 24, 2024, which appeared to be, and the Court construed as, his amended Complaint. [See Doc. 14]. In this Supplemental Complaint, Plaintiff again named Iredell County as the sole Defendant and complained about having two indictments "alleg[ing] the same crimes" pending against him in the Superior Court of Iredell County, North Carolina. [Doc. 12 at 2; Doc. 12-1]. Plaintiff alleged that the judge overseeing his June 18 arraignment "advised the Plaintiff to address his gripe in writing to be heard in open court. Plaintiff was advised to submit the bond motion to the D.A.'s office but the motion was never brought before the courts as of this date." [Id. at 3]. Plaintiff also complained that he had been subjected to excessive bond. [Id.]. Plaintiff's "Supplemental Complaint" failed initial review because Plaintiff failed to state a claim for relief against Defendant Iredell County and because it demonstrated that his state court proceedings remained ongoing. [Doc. 14 at 3-4]. On September 18, 2024, the Court dismissed the action with prejudice because Plaintiff failed to amend his Complaint in accordance with the Court's Order and otherwise failed to state a claim for relief. [Id. at 3].

Now pending is Plaintiff's motion for relief from judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. [Doc. 23]. Also before the Court are Plaintiff's "Amended

Complaint" and purported, unsigned Declaration.[1]  [Docs. 22, 24].  As grounds for relief under Rule 60, Plaintiff states that he placed his "Amended Complaint" in the Iredell County Jail's outgoing mail seven (7) days after receiving the Court's August 20, 2024 Order.  [Doc. 23 at 2].  Sometime between his mailing the Amended Complaint and Plaintiff's transfer to NCDPS custody, the Amended Complaint was returned undelivered to the Court.  [Id.].  The Jail, however, failed to return the undelivered Amended Complaint to the Plaintiff, but instead placed it in Plaintiff's property bin in a restricted part of the Jail.  [Id.].  On transfer to Piedmont CI and once he was allowed to sort through his personal property, Plaintiff discovered the undelivered Amended Complaint.  [Id. at 3].  Plaintiff immediately resent the Amended Complaint to the Court.  [Id.].  Plaintiff argues that the Court construed Plaintiff's "Supplemental Complaint" as his amended Complaint "in error."  [Id. at 1].  A few days after filing the pending motion, Plaintiff filed a purported, unsigned Declaration in which he claims that the Iredell County District Attorney's Office has dismissed the two subject Indictments, and that Plaintiff has been sentenced on a charge of possession of a firearm.  [Doc. 24; see also Doc. 12-1 at 1 (listing additional charges in Case No. 24CRS000219, including felony possession of a stolen firearm)].

Plaintiff here seeks relief under Rule 60(b)(1), which provides that the Court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "[A] Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted).  "Therefore, before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious [claim], [and] a lack of unfair

---

[1] The Court will strike this unsigned, improper filing from the record in this matter.  See Fed. R. Civ. P. 11(a).  Even if it had been properly signed and submitted, the matters alleged therein would not have changed the result here.

3

prejudice to the opposing party." Id. (citing Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing id.). Relief under Rule 60(b) is an "extraordinary remedy" that is to be used only in "exceptional circumstances." Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir. 1979)). "[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." CNF Contractors, Inc. v. Donohoe Const. Co., 57 F.3d 395, 401 (4th Cir. 1995).

A movant seeking relief under Rule 60(b) must show that he has a meritorious claim or defense. Dowell, 993 F.2d at 48. This requirement is designed to ensure "that granting [the] relief [sought] will not in the end have been a futile gesture." Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990) (citation omitted). Here, the Plaintiff has failed to meet this threshold requirement. That is, Plaintiff's Amended Complaint would have failed initial review, and the action would have been dismissed with prejudice in any event. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

In his Amended Complaint, Plaintiff largely restates and elaborates on his previous allegations regarding having been indicted on the same charges twice, resulting in allegedly duplicative and therefore excessive bail. Plaintiff also contends that he was placed in administrative segregation without cause and without a hearing. He claims violation of his rights under the Eighth and Fourteenth Amendments, as well as N.C. Gen. Stat. § 15A-646. [Doc. 22 at 3]. For injuries, Plaintiff claims to have suffered extreme anxiety, dizziness, lost wages and clothing, loss of sleep, and depression. [Id. at 5, 16]. He also alleges that he is "still incarcerated" because of the "negligence" of the Jail, the District Attorney's Office, and the "Sheriff." [Id.]. For relief, he seeks $10 million. [Id. at 5].

As Defendants, he names the "Iredell County Sheriffs Dept/Jail[2]"; Sarah Kirkman, identified as the Iredell County District Attorney; and the Iredell County District Attorney's Office. [Doc. 22 at 2-3]. Plaintiff purports to sue the Sheriff's Department/Jail and Defendant Kirkman in their individual and official capacities and the District Attorney's Office in its official capacity. [See id.].

Plaintiff has failed to state a claim for relief against any Defendant. Neither a jail nor a sheriff's department is a "person" subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); Landry v. North Carolina, 2011 WL 3683231, report and recommendation adopted, 2011 WL 3682788 (W.D.N.C. Aug. 23, 2011) (North Carolina sheriff's departments are not legal entities under North Carolina law capable of being sued). Moreover, the Eleventh Amendment "bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has waived it." Passaro v. Virginia, 935 F.3d 243, 247 (4th Cir. 2019). The Iredell County District Attorney's Office is an arm of the State of North Carolina. See N.C. Gen. Stat. § 7A-60 ("The State shall be divided into prosecutorial districts…. There shall be a district attorney for each prosecutorial district[.]"). As such, the Eleventh Amendment immunizes the Office from Plaintiff's suit. In this regard, claims against Defendant Kirkman in her official capacity as District Attorney also fail because the true party in interest is the State of North Carolina. Finally, prosecutors are immune from suit under the doctrine of prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 419 (1976); Savage v. Maryland, 896 F.3d 260, 268 (4th Cir. 2018) ("[P]rosecutors are absolutely immune from damages liability when they act as advocates for the State.").

---

[2] For the "Title" associated with this Defendant, Plaintiff wrote "Sheriff of Iredell County." [Doc. 22 at 2]. The Court, therefore, will also consider whether Plaintiff stated a claim against the Sheriff.

To the extent Plaintiff sought to sue the unidentified Sheriff of Iredell County, his claims would have also failed. Other than Plaintiff's vague and insufficient allegation that he was "still incarcerated" because of the Sheriff's "negligence," Plaintiff makes no allegation of personal participation by the Sheriff. See Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Additionally, Plaintiff does not allege that an official policy or custom was a moving force in any constitutional violation such that the Office of Sheriff may be liable. See Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) ("For a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation.") (Internal quotation marks and citations omitted).

To the extent Plaintiff seeks relief under the Fourteenth Amendment for his alleged placement in administrative segregation "without cause or without a hearing," he has failed to name any Defendant who personally participated in such placement. See Williamson, 912 F.3d at 171; see Doc. 22 at 16.

For all these reasons, the Plaintiff's Amended Complaint would have failed initial review, and this action would have been dismissed with prejudice. Accordingly, Plaintiff has failed to show that he has a meritorious claim such that the Court may revisit its Order pursuant to Rule 60(b). The Court, therefore, will deny Plaintiff's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Relief from Judgment or Order [Doc. 19] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Declaration" [Doc. 24] is **STRICKEN** from the record in this matter.

**IT IS SO ORDERED**.
Signed: December 23, 2024

Graham C. Mullen
United States District Judge

7

Case 5:24-cv-00154-GCM     Document 25     Filed 12/23/24     Page 7 of 7